IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00831-GPG
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.**)

TODD WESLEY ECKLEY,

    Plaintiff,

v.

THE STATE OF COLORADO,
JOHN HICKENLOOPER, GOVERNOR, and
CYNTHIA COFFMAN, ATTORNEY GENERAL,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff Todd Wesley Eckley has filed *pro se* a Prisoner Complaint (ECF No. 1). The Court must construe the Prisoner Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Plaintiff is ordered to file an amended prisoner complaint, compliant with the directions set forth herein, if he wishes to pursue any claims in this action.

    The Court construes the thirty-page Prisoner Complaint to assert a single claim alleging a right to a grand jury in the State of Colorado pursuant to the Fifth Amendment to the U.S. Constitution. (ECF No. 1). Plaintiff named as Defendants the State of Colorado and the Governor and Attorney General of Colorado. (*Id.* at 2). He alleges

"Colorado has violated the 5th Amendment" by use of a criminal information instead of a grand jury for criminal indictments. (*Id.* at 4). He requests a declaratory judgment that "[n]o person . . . shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury." (*Id.* at 9).

The Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In the Prisoner Complaint, Plaintiff makes lengthy and rambling assertions which consist primarily of what appear to be excerpts from case law and other sources, without clearly identifying which Defendant is responsible for what actions he is complaining

about.   He also provides minimal factual allegations underlying the claim.   Neither the Court nor Defendants are required to guess in order to determine the specific factual allegations that support the Prisoner Complaint.   The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).   Instead, it is the Plaintiff's responsibility to present his claims clearly and concisely in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.

Furthermore, any constitutional claims that Plaintiff might assert against the State of Colorado pursuant to 42 U.S.C. § 1983 are barred by Eleventh Amendment immunity, regardless of the relief sought.   *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007).   "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies."   *Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998).   The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).   The Eleventh Amendment may not bar a federal court action so long as the plaintiff seeks in substance only prospective relief and not retrospective relief for alleged violations of

federal law, but a plaintiff must assert a claim for prospective relief against individual state officers. *Verizon Maryland v. Public Service Comm'n of Maryland*, 535 U.S. 635, 645-46 (2002); Hill v. Kemp, 478 F.3d 1236, 1255-56 (10th Cir. 2007). Plaintiff in this case, however, seeks retroactive applicability of the Fifth Amendment to require Colorado to utilize a grand jury for criminal cases previously prosecuted without one. (ECF No. 1 at 9). Accordingly, the State of Colorado is an improper party to this action and should not be named as a Defendant in an amended prisoner complaint.

The Prisoner Complaint is likewise deficient to the extent Plaintiff sues Governor John Hickenlooper and Colorado Attorney General Cynthia Coffman, as he has failed to assert any specific personal participation by such parties. Plaintiff must assert personal participation by a named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

Lastly, Plaintiff's claim is insufficient to show he is entitled to relief from any of the named Defendants. It is well-settled that "the Grand Jury Clause of the Fifth Amendment does not apply to the states." *Williams v. Haviland*, 467 F.3d 527, 532 (6th Cir. 2006) (collecting cases). As explained by the U.S. Supreme Court:

> Although the Due Process Clause guarantees petitioner a fair trial, it does not require the States to observe the Fifth Amendment's provision for presentment or indictment by a grand jury. In *Duncan v. Louisiana*, 391 U.S. 145 (1968), the Court held that because trial by jury in criminal cases under the Sixth Amendment is 'fundamental to the American scheme of justice,' such a right was guaranteed to defendants in state courts by the Fourteenth Amendment, but the Court has never held that federal concepts of a 'grand jury,' binding on the federal courts under the Fifth Amendment, are obligatory for the States.

*Alexander v. Louisiana*, 405 U.S. 625, 633 (1972) (citations omitted).

Accordingly, it is ORDERED that Plaintiff file, **within thirty (30) days from the date of this order**, an amended prisoner complaint that complies with this order. It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) and utilize the court-approved Prisoner Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails within the time allowed to file an amended prisoner complaint that complies with this order, the action will be dismissed without further notice. It is

FURTHER ORDERED that the "Motion for assistance of council" is **DENIED WITHOUT PREJUDICE** at this time as premature; the Motion for a Jury Trial is **DENIED WITHOUT PREJUDICE** in light of the direction herein to submit an amended prisoner complaint; and the "Motion for Wavier [sic] of court cost / suspend" is **DENIED AS MOOT** in light of the Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 4).

DATED April 19, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge